

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| EXPRESS OIL CHANGE, LLC, and TE, LLC d/b/a TIRE ENGINEERS, ) ) ) Plaintiff, ) ) v. ) 3:16 CV 414 HTW-LRA ) MISSISSIPPI BOARD OF ) LICENSURE FOR PROFESSIONAL ) ENGINEERS & SURVEYORS, ) Defendant. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Express Oil Change, LLC and TE, LLC d/b/a Tire Engineers (collectively referred to hereinafter as "Plaintiffs" or "Tire Engineers"), for their causes of action against Defendant Mississippi Board of Licensure for Professional Engineers & Surveyors (the "Board"), allege as follows:

### I. INTRODUCTION AND BACKGROUND

This is an action for declaratory judgment seeking a ruling that Tire Engineers' use of the word "Engineers" in its trade name does not violate Mississippi law, is a proper exercise of its commercial free speech rights and that the Board is pre-empted by the Lanham Act from abridging its right to use the federally registered service mark "Tire Engineers."

1

This dispute began on February 13, 2015 when Tire Engineers received correspondence from the Board stating, in part, that "The law states no person shall directly or indirectly use the term 'engineer' in any manner whatsoever that tends to or is likely to create any impression with the public that any person is qualified or authorized to practice engineering." A true and correct copy of the correspondence is attached hereto as Exhibit "A".

After a lengthy series of communications and an Informal Conference at the Board's office, on January 19, 2016, the Board provided Tire Engineers with an Opinion from the Attorney General ("Opinion"), denying Tire Engineer's use of the term "engineers". The opinion also stated, in part, that "The Board's authority is limited to the express authority provided by statute and the authority which is necessarily implied". The opinion stated that Tire Engineers' use of the word "engineer" violates Mississippi Code §§ 73-13-1 through 73-13-45. A true and correct copy of the Opinion is attached hereto as Exhibit "B".

On March 17, 2016 counsel for Tire Engineers met with the Office of Attorney General of Mississippi to request reconsideration of the Board's denial for permission of use of the term "engineers" at its locations in the State of Mississippi. The Board replied on May 16, 2016 and denied Tire Engineer's request for reconsideration of this issue. A true and correct copy of said correspondence is attached hereto as Exhibit "C".

As a result of The Board's findings, Tire Engineers brings this matter before this Honorable Court for a declaration of its rights.

## II. JURISDICTION AND VENUE

1. This action is brought pursuant to Fed. R. Civ. P. 57 and the Declaratory Judgment Act, 28 U.S.C. § 2201-2202. The Parties have a justiciable controversy and the Plaintiff seeks a ruling that will terminate the controversy.

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121, 15 U.S.C § 1115, 28 U.S.C. §§ 1331 and 1338 because it involves potential claims and an actual controversy arising under the Lanham Act. In addition, pursuant to 28 U.S.C. § 1332(a)(1) this Court has jurisdiction over this matter based on diversity of the parties and the amount in controversy exceeds seventy five thousand dollars ($75,000).

3. The Court has specific personal jurisdiction over Defendant in that this is the forum where Defendant resides.

4. Venue is proper in this action because this is the judicial district where the Defendant resides and where a substantial part of the events giving rise to the claim occurred.

## III. PARTIES

5.     Express Oil Change, LLC is a limited liability company organized and existing under the laws of the State of Alabama, with its principal place of business located at 1800 Southpark Drive, Birmingham, AL 35244.

6.     TE, LLC d/b/a Tire Engineers is a wholly owned subsidiary of Express Oil Change, LLC. TE, LLC d/b/a Tire Engineers is a corporation organized and existing under the laws of the State of Alabama, with its principal place of business located at 1800 Southpark Drive, Birmingham, AL 35244.

7.     Defendant Mississippi Board of Licensure for Professional Engineers & Surveyors is the agency charged with administering and enforcing the provisions of Title 73, Chapter 13 of the Mississippi Code. Pursuant to Fed. R. Civ. P. 4(J)(2)(A), the Board may be served through its Executive Director, Mark Humphreys, Mississippi Board of Licensure for Professional Engineers and Surveyors, 660 North Street, Suite 400, Jackson, MS 39202.

## IV. FACTS

8.     In February 2013, TE, LLC purchased the assets of Tire Engineers, Inc. which includes the trade name and service mark "Tire Engineers." (Affidavit of Josh Henderson ¶ 3).

9. Tire Engineers has the trade names and registered service marks 1) "Tire Engineers" bearing USPTO Registration No. 4,442,726; 2) "TE" bearing USPTO Registration NO. 4,623,570, and 3) "Express Oil Change/Tire Engineers" bearing USPTO Registration No. 4,566,952. (Affidavit of Josh Henderson, ¶¶ 3, 4).

10. Each of these federally registered marks correctly described the nature of Tire Engineers' business as "repair of automobiles, namely, oil changes, tire rotation, wheel balance, engine services, belts, air conditioning, computerized diagnostics and transmission services . . . and automobile repair and maintenance." None of Tire Engineers' service marks represent to the public that Tire Engineers offers or performs professional engineering services. (Affidavit of Josh Henderson, ¶ 4).

11. There are nine (9) Tire Engineers locations currently operating in the State of Mississippi. None of Tire Engineers' nine (9) locations in the State of Mississippi (or any of its locations in the United States) perform, offer or attempt to perform any public or private service or creative work, the adequate performance of which requires engineering education, training, and experience in applying special knowledge or judgment of the mathematical, physical or engineering sciences to that service or creative work. (Affidavit of Josh Henderson, ¶ 6).

5

12. No Tire Engineers location within the State of Mississippi or any other State engages in the "practice of engineering" as defined in Mississippi Code § 73-13-3. (Affidavit of Josh Henderson, ¶ 7).

13. Tire Engineers does not use the terms "professional engineer", "licensed engineer", "registered engineer", "registered professional engineer", "licensed professional engineer" or "engineered" in connection with any of its marketing, branding, or other intellectual property within the State of Mississippi or any other location in the world in which it does business. (Affidavit of Josh Henderson, ¶ 8).

14. The use of the service mark "Tire Engineers" does not and is not likely to create an impression with the public that Tire Engineers or its employees are qualified or authorized to engage in the practice of engineering. Tire Engineers has never offered nor represented to anyone that it is qualified to offer professional engineering services. (Affidavit of Josh Henderson, ¶ 9).

15. Tire Engineers has never had an instance where a member of the public believed that Tire Engineers offered professional engineering services. Tire Engineers is not aware of any instance involving citizens of the State of Mississippi where anyone believed or was under the impression that Tire Engineers provided or offered to provide professional engineering services. (Affidavit of Josh Henderson, ¶ 10).

16. Tire Engineers is not aware of any way its use of the service marks "Tire Engineers", "TE" or "Express Oil Change/Tire Engineers" negatively affect the lives, property, economy or security of Mississippi residents or national defense. (Affidavit of Josh Henderson, ¶ 10).

17. Tire Engineers has received permission from the states of Alabama, Florida, Georgia, North Carolina, South Carolina, Tennessee, Virginia and Louisiana to use its federally registered service marks, including the use of the term "engineers", despite the presence in those states of a statutory framework and language similar to Mississippi. (Affidavit of Josh Henderson, ¶ 14).

## V. **DECLARATORY JUDGMENT**

18. The Declaratory Judgment Act, 28 U.S.C. §§ 2201- 2202, states:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). As shown by the Board's Opinion and under controlling authority, the Parties to this action have an actual and justiciable controversy.

19. Specifically, Tire Engineers contends that the Board's Opinion that the use of "Engineers" in its trade name violates Mississippi law:

a.   Violates Tire Engineers' rights of commercial free speech guaranteed by the First Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment. *Central Hudson Gas & Elec. v. Public Serv. Comm'n,* 447 U.S. 557, 561-66, 100 S. Ct. 2342, 2349-51 (1980); and

b.   Violates Tire Engineers' rights under preemptive federal trademark law under the Lanham Trademark Act of 1946, 15 U.S.C. §§ 1051-1127.

## **RELIEF REQUESTED**

Tire Engineers requests that this Honorable Court enter a judgment:

20.   Declaring that Tire Engineers' use of "Engineers" in its trade name does not violate Mississippi Code §§ 73-13-1 through 73-13-45.

21.   Declaring that Tire Engineers' use of "Engineers" in its trade name is a proper and valid use under its commercial free speech rights and any attempt by the Board to prevent this use is an improper exercise of its state police powers.

22.   Declaring that Tire Engineers' use of "Engineers" in its trade name is a proper and valid use under the rights granted by the Lanham Trademark Act through federal service marks 1) "Tire Engineers" bearing USPTO Registration No. 4,442,726; 2) "TE" bearing USPTO Registration NO. 4,623,570,

and 3) "Express Oil Change/Tire Engineers" bearing USPTO Registration No. 4,566,952.

23. Permanently enjoining and restraining the Board and each of its agents, employees, officers, attorneys, successors, assigns, affiliates and any persons in privity or active concert or participation with any of them from interfering with Tire Engineers' current use of "Engineers" in its trade name in interstate commerce in conjunction with its federally-registered marks as described above.

24. Requiring the Defendant to reimburse Plaintiffs for attorneys' fees and costs associated with the prosecution of this Declaratory Judgment Action.

Respectfully submitted this the 1d day of June, 2016

_____
Stephen M. Wilson (MSB 9058)
Michael J. Bentley (MSB 102631)
BRADLEY ARANT BOULT CUMMINGS, LLP
One Jackson Place
188 E. Capitol Street, Suite 400
Jackson, MS 39201
Phone: 601.948.8000
Fax: 601.592.1457
swilson@bradley.com
mbentley@bradley.com

Michael J. Douglas ASB-2888-C52
*Pro Hac Vice Application Pending*
LEAK, DOUGLAS & MORANO, P.C.
The John A. Hand Building
17 20th Street North, Suite 200
Birmingham, AL 35203
Phone: 205.977.7099
Fax: 205.977.7167
Email: mdouglas@leakdouglas.com

*Attorneys for Plaintiffs Express Oil Change, LLC and TE, LLC d/b/a Tire Engineers*